**ORIGINAL**

JANET M. HEROLD, Regional Solicitor
BRUCE L. BROWN, Associate Regional Solicitor
EVAN H. NORDBY, Trial Attorney, WSBA #35937
U.S. DEPARTMENT OF LABOR
Office of the Solicitor
300 Fifth Ave., Suite 1120
Seattle, WA 98101
Telephone: (206) 757-6762
Facsimile: (206) 757-6761
Counsel for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 25 2012

at 3 o'clock and 40 min. P.M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>BLUE WAVE TOUR, INC. A/K/A BLUE WAVE TOURS, INC., a Hawaii corporation; JUN HYUN KIM, an individual; MYOUNGJA JUN, an individual; and YUKO HAYASHIDA, an individual<br><br>Defendants. | Case No. CV12 00417 RLP<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of

Labor (the "Secretary" or "Plaintiff"), brings this action pursuant to Section 17, 29

U.S.C § 217, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C §§

201-19 (hereinafter "FLSA" or the "Act"), to enjoin Defendants from violating the provisions of Sections 15(a)(2) and 15(a)(5), 29 U.S.C § 215(a)(2), (5), of the Act.

Plaintiff also and separately brings this action, (1) pursuant to Section 16(c) of the Act, 29 U.S.C § 216(c), for the recovery of a Judgment against Defendants for unpaid overtime compensation due Defendants' employees, and liquidated damages in an amount equal thereto; or, (2) in the event liquidated damages are not awarded, pursuant to Section 17 of the Act, 29 U.S.C § 217, for the recovery of a Judgment restraining Defendants from withholding payment of overtime compensation due Defendants' employees plus pre-judgment interest computed thereon.

II

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c), 217; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1345 (United States as plaintiff).

III

(a)     Defendant BLUE WAVE TOUR, INC. A/K/A BLUE WAVE TOURS, INC., a Hawaii corporation with its principal place of business located at 1850 Ala Moana Boulevard, #601, Honolulu, HI, 96815, within the jurisdiction of this Court, where it engages in an enterprise as a tour bus company. At all times material hereto, Defendant BLUE WAVE TOUR, INC. A/K/A BLUE WAVE

TOURS, INC. was and is an employer within the meaning of Section 3(d) the Act, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to the Complaint.

(b)  Defendant JUN HYUN KIM, an individual, is an owner and manager of Blue Wave Tour, Inc. a/k/a Blue Wave Tours, Inc., resides within the jurisdiction of this Court, and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d), as he acts directly or indirectly in the interest of Defendant Blue Wave Tour, Inc. a/k/a Blue Wave Tours, Inc. in relation to the employees listed on Exhibit A to the Complaint, and had economic and operational control over Defendant Blue Wave Tour, Inc. a/k/a Blue Wave Tours and its business in the state of Hawaii.

(c)  Defendant MYOUNGJA JUN, an individual, is an owner and manager of Blue Wave Tour, Inc. a/k/a Blue Wave Tours, Inc., resides within the jurisdiction of this Court, and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d), as she acts directly or indirectly in the interest of Defendant Blue Wave Tour, Inc. a/k/a Blue Wave Tours, Inc. in relation to the employees listed on Exhibit A to the Complaint, and had economic and operational control over Defendant Blue Wave Tour, Inc. a/k/a Blue Wave Tours and its business in the state of Hawaii.

(d)  Defendant YUKO HAYASHIDA, an individual, is an owner and

manager of Blue Wave Tour, Inc. a/k/a Blue Wave Tours, Inc., resides within the jurisdiction of this Court, and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d), as she acts directly or indirectly in the interest of Defendant Blue Wave Tour, Inc. a/k/a Blue Wave Tours, Inc. in relation to the employees listed on Exhibit A to the Complaint, and had economic and operational control over Defendant Blue Wave Tour, Inc. a/k/a Blue Wave Tours and its business in the State of Hawaii.

IV

At all times relevant to this Complaint, Defendants have employed and are employing employees in and about their aforesaid place of business in ordering, receiving, preparing, storing and handling goods and materials which have been transported, shipped, or delivered from points outside the State of Hawaii; in preparing, transmitting, mailing, or receiving transmissions, reports, letters, correspondence, billings, or remittances to and from points outside the State of Hawaii, and in using the facilities of commerce.  Said employees, by reason of their activities as aforesaid, were and are engaged in commerce within the meaning of the Act.

V

At all times hereinafter mentioned, Defendants employ and are employing, employees in and about their aforesaid places of business in handling, preparing or

selling goods or materials which have been transported, shipped or delivered to places within the State of Hawaii from places outside thereof and were produced for commerce.

VI

At all times hereinafter mentioned, the activities of Defendants (referred to in paragraph III, IV and V above) were and are related and performed through unified operation or common control for a common business purpose, and constitute an enterprise within the meaning of Section 3(r)(1) of the Act. 29 U.S.C. § 203(r)(1).

VII

At all times hereinafter mentioned, Defendants were engaged in the operation of an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of sales taxes at the retail level stated separately) and as such constitute an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(A)(ii) of the Act. 29 U.S.C. § 203(s)(A)(ii).

VIII

With knowledge of and reckless disregard of the requirements of the Act, Defendants have willfully violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207, 215(a)(2), by employing their

employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty (40) hours without compensating said employees for all their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

IX

With knowledge of and reckless disregard of the requirements of the Act, Defendants have willfully violated and are violating the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. § 211(c), 215(a)(5), by failing to maintain, keep, make available (to authorized agents of Plaintiff for inspection, transcription, and/or copying), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by Plaintiff pursuant to the authority granted in the Act and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

X

With knowledge of and reckless disregard of the requirements of the Act, Defendants willfully violated and are violating the monetary provisions of the Act as alleged in paragraph VIII, and, as a result, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under Section

16(c) of the Act. 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1) For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Act, 29 U.S.C. § 215(a)(2), (5); and

(2) For an Order

(a) pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid overtime compensation found by the Court to be due Defendants' employees listed on Exhibit A to the Complaint, plus an equal amount in liquidated damages; or, in the event liquidated damages are not awarded,

(b) pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from withholding payment of unpaid overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the

Treasury pursuant to 26 U.S.C. § 6621, or, at the interest rate for an unsecured business line of credit in Honolulu, Hawaii, as can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, whichever rate is higher; and

(3)     Awarding Plaintiff her costs of action;

(4)     Granting Plaintiff such other and further relief as may be necessary and appropriate.

DATED this 24th day of July, 2012.

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

By: _____
EVAN H. NORDBY
Trial Attorney

**U.S. DEPARTMENT OF LABOR**
**Counsel for Plaintiff**