JANET M. HEROLD
Regional Solicitor
CHERYL L. ADAMS CSBN 208244
Senior Trial Attorney
SUSAN SELETSKY
Counsel for FLSA
JOSEPH M. LAKE CSBN 246679
Trial Attorney
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
Direct: (415) 625-7759
Facsimile: (415) 625-7772
Email: Adams.Cheryl.L@dol.gov

Attorneys for Plaintiff, Thomas E. Perez
Secretary, U.S. Department of Labor

## UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor, [1]<br>United States Department of Labor,<br><br>       Plaintiff,<br>       v.<br><br>BLUE WAVE TOUR, INC., also known as<br>BLUE WAVE TOURS, INC., a Hawaii<br>corporation; JUN HYUN KIM, an individual;<br>MYYOUNGA JUN, an individual; and YUKO<br>HAYASHIDA, an individual.<br><br>       Defendants. | Case No.: 1:12-CV-00417-JMS-RLP<br><br>**AMENDED<br>CONSENT JUDGMENT** |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor

("Plaintiff" or the "Secretary"), and Defendants BLUE WAVE TOUR, INC., also known as

BLUE WAVE TOURS, INC., a Hawaii corporation; JUN HYUN KIM, an individual;

---

[1] Thomas A. Perez was confirmed as the Secretary of Labor on July 18, 2013.

MYYOUNGA JUN, an individual; and YUKO HAYASHIDA, an individual (collectively, "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith:

A.  The Secretary has filed an Amended Complaint alleging that during the period from July 24, 2010, to May 25, 2012, Defendants violated provisions of:

(1)  Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), by employing at least twenty-two employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty hours, and failing to pay such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which they were employed, and

(2)  Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 CFR part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act, 29 U.S.C. § 211(c).

B.  Defendants have appeared and having retained defense counsel acknowledge receipt of a copy of the Secretary's Complaint.

C.  The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

2

D. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District Court for the District of Hawaii.

E. Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

F. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants , their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. § 207, employ any of their employees who in any workweek is engaged in commerce or the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

2. Defendants shall not withhold payment of $20,000.00 which represents the unpaid overtime compensation hereby found to be due, for the period from July 24, 2010, to May 25, 2012,to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act,  29 U.S.C. §§ 211(c) and 217(a)(5), fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as

3

prescribed by the regulations found in 29 CFR part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act, 29 U.S.C § 211(c).

4.      Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the Act; AND IT IS FURTHER

5.      ORDERED, that Defendants shall pay to the Secretary as liquidated damages the additional sum of $20,000.00, hereby found to be due, under FLSA Section 16(c), 29 U.S.C. § 216(c), for the period from July 24, 2010, to May 25, 2012, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

6.      The provisions of paragraphs 4 and 5 herein will be deemed satisfied when Defendants comply with the following provisions:

a.      Within thirty calendar days of the entry of this Consent Judgment, Defendants shall deliver a schedule to District Director Terrence Trotter, Wage and Hour Division, United States Department of Labor, 300 Ala Moana Blvd., Suite 7225, containing the last known (home) address, telephone number (if known), and gross amount of back wages for each person named as set forth in the attached Exhibit A.

b.      Defendants shall make the payments due under this Judgment, the total amount of which is $40,000, in installments, with an initial payment of $10,000.00, followed by eleven

equal monthly payments of $2,727.28 each, commencing on May 1, 2014, with subsequent

payments due on the first  day of each month thereafter until paid in full. Defendants shall make

payments by delivering to District Director Terrence Trotter, a cashier's check or money order in

the required amount, with the firm name of "Blue Wave Tour, Inc.," and "Back Wages and

Liquidated Damages" written on it, payable to the order of the "Wage & Hour Div., Labor."

       c.     Should Defendants fail to completely make any of the payments set forth above

on or before the dates due, Defendants shall be in default. Upon default, the Secretary shall have

the option of accelerating payment of the unpaid balance by mailing a certified letter to

Defendants' last known address. If such option is exercised, the entire remaining balance shall

become immediately due and payable. Furthermore, Defendants will be subject to administrative

charges to cover debt collection of the unpaid balance and will accrue interest on the remaining

unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the

total amount is paid in full.

       7.     The Secretary shall allocate and distribute the back wages and liquidated

damages, less deductions for employees' share of Social Security and withholding taxes to the

persons named in the attached Exhibit A, or to their estates if that be necessary, in her sole

discretion, and any money not so paid within a period of three years from the date of its receipt,

because of an inability to locate the proper persons or because of their refusal to accept it, shall

be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29

U.S.C. § 216(c). The Secretary shall be responsible for deducting the employee's share of FICA

and federal income taxes from the amounts paid to the persons named in the attached Exhibit A,

and for remitting said deductions to the appropriate federal agencies.

       8.     Within ninety (90) days of the entry of this Consent Judgment, or as soon

thereafter as practicable given the Wage and Hour Division's representatives' availability,

Defendants shall permit representatives from the Wage and Hour Division to conduct two (2)

*Case No.: 1:12-CV-00417*
*Amended Consent Judgment*

1    training sessions of approximately two (2) hours each for each individual on Defendants' payroll

2    for the previous 60 days, preferably on a day employees receive their paychecks. Defendants

3    shall also be present at said training, which shall be compensable time for which employees shall

4    receive pay. Topics to be covered by the Wage and Hour Division during said training shall

5    include, but are not limited to minimum wage, overtime, and recordkeeping provisions of the

6    FLSA. More specifically, the training shall include payment of overtime after 40 hours per

7    workweek, payment of overtime to non-exempt employees, misclassification of employees, and

8    the requirement that payroll records, including timecards, be accurate. Upon a determination by

9    the Wage and Hour Division representatives, said training may include a confidential question

10   and answer session between the Wage and Hour Division's representatives and Defendants'

11   employees, during which time Defendants are not present ("Q&A Session"). The Q&A Session

12   shall also be compensable time for which employees shall receive pay.

13        9.     Commencing on the first payday after entry of this Consent Judgment, and for

14   every payday thereafter for twelve (12) months, Defendant Jun Hyun Kim shall deliver to the

15   Secretary a report indicating the name of each current employee, the number of hours each

16   employee worked per day, each employee's regular hourly rate of pay, and the amount of wages

17   paid to each employee for the pay period. Such reports shall be delivered to Director Terrance

18   Trotter, Wage and Hour Division, United States Department of Labor, 300 Ala Moana Blvd.,

19   Suite 7225 no later than the first day of the month following the pay period

20        10.    Within ten calendar days of the entry of the Consent Judgment, Defendants shall

21   post a copy of the attached Exhibit B at Defendants' establishment for no less than one-hundred

22   eighty (180) days. Exhibit B summarizes terms of the Consent Judgment and the employees'

23   rights under the FLSA.

24        11.    The filing, pursuit, and/or resolution of this proceeding with the filing of the

25   Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the

6

*Case No.: 1:12-CV-00417*
*Amended Consent Judgment*

FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

        12.     Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

        13.     This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Judgment.

              IT IS SO ORDERED.

              DATED:  Honolulu, Hawaii, April 10, 2014.



                            /s/ J. Michael Seabright
                         J. Michael Seabright
                         United States District Judge

*Case No.: 1:12-CV-00417*
*Amended Consent Judgment*



Dated:

JUN HYUN KIM,
Individually and on behalf of
BLUE WAVE TOUR, INC.

Dated:

YUKO HAYASHIDA
Individually and on behalf of
BLUE WAVE TOUR, INC.

Approved as to Form:

Dated:

William N. Ota, Esq.
Marr Jones & Wang
Attorneys for Defendants

Dated: April 4, 2014

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Counsel for FLSA

JOSEPH LAKE
Trial Attorney

By:

CHERYL L. ADAMS
Senior Trial Attorney

Attorneys for U.S. Department of Labor

Dated:

MYYOUNGA JUN, A
Individually and on behalf of
BLUE WAVE TOUR, INC.

8

*Case No.: 1:12-CV-00417*
*Consent Judgment*

*Case No.: 1:12-CV-00417*
*Amended Consent Judgment*

## EXHIBIT A

| Name | Back Wages | Liquidated Damages |
|---|---|---|
| Cambra, Ruth | $57.04 | $57.04 |
| Cool, Jeffrey | $1,231.51 | $1,231.51 |
| Craudia | $119.09 | $119.09 |
| Delacuesta, Heather | $150.65 | $150.65 |
| Hashimoto, Pearl | $98.01 | $98.01 |
| Isaacs-Kalahiki, Jeremiah | $29.85 | $29.85 |
| Kama, Rudolph | $352.52 | $352.52 |
| Kim, Nelson | $19.00 | $19.00 |
| Kim, Tae II | $940.67 | $940.67 |
| Lacaden, Kaika | $767.95 | $767.95 |
| Matsukawa, Oscar | $5,616.61 | $5,616.61 |
| Nakasone, Richard | $83.60 | $83.60 |
| Nakazawa, Shinji | $937.59 | $937.59 |
| Nelson, Christopher | $131.55 | $131.55 |
| Park, Chong | $2,829.13 | $2,829.13 |
| Paulino, Lauriano | $465.59 | $465.59 |
| Sarcedo, Lisa | $924.72 | $924.72 |
| Mikikazu, Tamura | $586.65 | $586.65 |
| Torree, Chika | $17.74 | $17.74 |
| Ventura, Sonny | $618.13 | $618.13 |
| Yamaguchi, Fumihiko | $3,697.59 | $3,697.59 |
| Yoshiako, Uchimura | $324.81 | $324.81 |
| Total | $20,000.00 | $20,000.00 |

*Case No.: 1:12-CV-00417*
*Amended Consent Judgment*

Exhibit B

LEGAL NOTICE TO ALL EMPLOYEES

The Department of Labor conducted an investigation of BLUE WAVE TOUR, INC., A/K/A BLUE WAVE TOURS, INC., JUN HYUN KIM, MYYOUNGA JUN, and YUKO HAYASHIDA, and determined that employees were owed back wages and liquidated damages for their employment during the period from July 24, 2010, to May 25, 2012. BLUE WAVE TOUR, INC., A/K/A BLUE WAVE TOURS, INC., JUN HYUN KIM, MYYOUNGA JUN, and YUKO HAYASHIDA, have agreed voluntarily to pay the back wages and liquidated damages calculated by the Department, and take other affirmative steps to achieve compliance with the Fair Labor Standards Act.

The Fair Labor Standards Act provides that all employees must be paid minimum wage for all hours worked. In addition, all employees must be paid the overtime rate of time and one half their regular rate for hours worked over 40 in a single workweek. All hourly employees are entitled to overtime when they work over 40 hours in one workweek.

If you think you are not being paid in accordance with the law, you can call the U.S. Department of Labor, Wage and Hour Division, at 1-866-4-USWAGE (1-866-487-9243) and your name will be kept confidential.

*Case No.: 1:12-CV-00417*
*Amended Consent Judgment*